# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: M.S. & C.S.**

**No. 14-1177** (Hampshire County 13-JA-27 & 13-JA-28)

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, by counsel Lary Garrett, appeals the Circuit Court of Hampshire County's October 22, 2014, order terminating his parental rights to M.S. and C.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Melinda Dugas, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Joyce Stewart, filed a response on behalf of M.S. and C.S. that supports the circuit court's order. On appeal, Petitioner argues that the circuit court erred in terminating his parental rights and in denying his motion to stay the abuse and neglect proceedings pending the disposition of his criminal proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2013, the DHHR filed an abuse and neglect petition against petitioner alleging, in part, that he was arrested for concealing a deceased human body, conspiracy to commit murder, and first-degree murder. The circuit court held an adjudicatory hearing in March of 2013, during which petitioner stipulated that he was arrested for the above-mentioned crimes and that he failed to provide suitable living conditions for his children. Accordingly, the circuit court adjudicated petitioner as a "neglectful" parent. Thereafter, but prior to the conclusion of petitioner's criminal proceedings, the circuit court held a dispositional hearing and terminated petitioner's parental rights. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

1

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating his parental rights solely upon his incarceration. This Court has stated:

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *Id.* The case of *In re Cecil T.* also recognized that "this Court has never held that incarceration can not [sic] be the sole basis for terminating parental rights." *Id.* at 96, 717 S.E.2d at 880.

Upon review, this Court finds no merit to petitioner's argument. The record clearly shows that the circuit court relied upon several factors in terminating petitioner's parental rights that were not related to petitioner's incarceration. During disposition, petitioner's counsel proffered that petitioner's criminal trial was not scheduled to take place until sometime in 2015. "Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt.1, in part, *In Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). The record is devoid of any evidence that petitioner cooperated in the development of a family case plan. The circuit court also considered petitioner's pending criminal charges, including first-degree murder, which, if convicted, carries a possible term of incarceration of life without the possibility of parole. "[I]ncarceration may unreasonably delay the permanent placement of the child deemed abused or neglected, and the best interests of the child would be served by terminating the incarcerated person's parental rights." *In re Cecil T.*, 228 W.Va. at 97, 717 S.E.2d at 881. We also bear in mind that "'courts are not required to exhaust every speculative possibility of parental improvement . . . and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults . . . .' Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). In this case, petitioner's children were approximately one year old and ten days old when the petition was filed. Accordingly, the circuit court then determined that it was in the children's best interest to terminate his parental rights to achieve permanency. As such, the circuit court did not base termination of petitioner's parental rights solely upon petitioner's incarceration, and the circuit court did not violate the principles of *In re Cecil T.* in this case.

Petitioner also argues that the circuit court erred in denying his motion to stay the abuse and neglect proceedings pending the outcome of his criminal matter. We disagree. Circuit courts are specifically directed to proceed with abuse and neglect proceedings regardless of any related proceedings. Rule 5 of the Rules of Procedure for Child and Abuse Proceedings clearly states that "[u]nder no circumstances shall a civil protection proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." We have also held that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991). Therefore, the Court finds no error in the circuit court's order denying petitioner's motion to stay the abuse and neglect proceedings.

For the foregoing reasons, we find no error in the decision of the circuit court and its October 22, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** April 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II